[Cite as *State v. Weber*, 2021-Ohio-1545.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2021-L-043** |
| JOSEPH T. WEBER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Mentor Municipal Court, Case No. 2017 CRB 00725.

Judgment: Appeal dismissed.

*Lisa M. Klammer*, City of Mentor Prosecutor, 8500 Civic Center Boulevard, Mentor, OH 44060 (For Plaintiff-Appellee).

*Joseph T. Weber,* pro se*,* A.S.P.C., P.O. Box 8909, San Luis, AZ  85349 (Defendant-Appellant).

MATT LYNCH, J.

{¶1}    Appellant, Joseph T. Weber, pro se, filed an "Appeal to Denial of Interstate Agreement on Detainers Act by Law," construed as a notice of appeal, on April 5, 2021. Appellant appeals from the trial court's February 18, 2021 entry denying his motion to dismiss.

{¶2}    Appellant was charged with assault on May 1, 2017.  He failed to appear for his arraignment on May 12, 2017.  Correspondence from appellant was reviewed by the trial court on August 26, 2019, and a "Notice of Availability" was filed on April 27,

2020. On February 18, 2021, appellant filed a motion to dismiss with prejudice and to quash the outstanding warrant pursuant to an Interstate Agreement on Detainers violation. On the same date, the trial court denied appellant's motion. This appeal followed on April 5, 2021.

{¶3} Pursuant to R.C. 2953.02, a court of appeals only possesses jurisdiction to hear an appeal from a criminal case if the appeal is from a "judgment or final order."

{¶4} In addition, R.C. 2505.02(B) defines a final appealable order, in part, as the following:

{¶5} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶6} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶7} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶8} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶9} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶10} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶11} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action. * * *"

{¶12} The Supreme Court of Ohio has stated that "in a criminal case there must be a sentence which constitutes a judgment or a final order which amounts 'to a disposition of the cause' before there is a basis for appeal." *State v. Chamberlain*, 177 Ohio St. 104, 106-107 (1964). Further, the denial of a motion to dismiss for an Interstate Agreement on Detainers violation is not a final appealable order. *State v. Johnson*, 4th Dist. Scioto No. 16CA3733, 2016-Ohio-7036, ¶ 8.

{¶13} In the instant matter, the trial court has merely denied appellant's motion to dismiss. No sentence has been issued, and the entry does not qualify as a final appealable order under R.C. 2505.02.

{¶14} This appeal is premature since there is no final judgment which could be the subject of an appeal at this time.

{¶15} Appeal dismissed.

MARY JANE TRAPP, P.J.,

THOMAS R. WRIGHT, J.,

concur.